**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DONTE CLARK,

               Petitioner,

               v.                                      11-CR-339-A
                                                    **ORDER**

UNITED STATES OF AMERICA,

             Respondent.
_____

Petitioner Donte Clark has moved for reconsideration of the Court's December 19, 2016 order, which stayed his resentencing until the Supreme Court decides *Beckles v. United States*. *See* Docket No. 40. Petitioner's primary argument for reconsideration is that *Beckles* "is of no import," because "Judge Telesca already found that *Johnson* [*v. United States*] was retroactive to the Guidelines, granted [Petitioner's motion,] and vacated his sentence." Docket No. 41 ¶ 10. Thus, Petitioner argues, "at this stage, [his] case is no longer on collateral review—it is simply a resentencing." *Id.*

Petitioner's possible resentencing before this Court is a continuation of proceedings before Judge Telesca. Resentencing would require the Court "to modify an imposed term of imprisonment." 18 U.S.C. § 3582(c)(1)(B). The only authority for the Court to do so in this case comes from 28 U.S.C. § 2255. *See United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997). However, the Supreme Court's decision to grant *certiorari* in *Beckles* puts into question whether the Court does, in fact, have authority under § 2255 to resentence Petitioner. Put differently, if *Beckles* holds that *Johnson* does not apply to the Sentencing Guidelines on retroactive review, then Petitioner's sentence is not unconstitutional, *see* § 2255(b), and, as a result, the Court

1

would lack authority to "resentence him . . . or correct the sentence as may appear appropriate." *Id.*

The Court is sensitive to the fact that Petitioner is likely entitled to a time-served sentence if *Beckles* holds that *Johnson* applies to the Sentencing Guidelines on retroactive review. But given the Second Circuit's "instruct[ion]" that district courts "hold [§ 2255] motion[s] in abeyance pending the outcome of *Beckles*," *Blow v. United States*, 829 F.3d 170, 172-73 (2d Cir. 2016)), and given that the Court's authority to resentence Petitioner is entirely dependent on the outcome of *Beckles*, the Court finds that it is appropriate to stay resentencing in this case until *Beckles* confirms whether the Court does, in fact, have authority to resentence Petitioner.

Petitioner's motion for reconsideration is therefore denied. The Court's December 19, 2016 stay order remains in effect until the Supreme Court issues its decision in *Beckles*. As the Court noted in its December 19 stay order, if the Supreme Court holds that *Johnson* applies to the Guidelines on retroactive review, the parties should be prepared for expedited resentencing proceedings.

**SO ORDERED.**

Dated: February 8, 2016              *s/Richard J. Arcara*
   Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT JUDGE