**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DONTE CLARK,

                Petitioner,

      v.                                        11-CR-339-A
                                              **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                Respondent.
_____

This case is before the Court on the Government's motion for reconsideration of the Hon. Michael J. Telesca's Decision and Order (Docket No. 38), which granted Petitioner's § 2255 petition and transferred this case to the undersigned for resentencing. In response to the Government's motion, Petitioner argues that the motion is untimely.

For the reasons stated below, the Court concludes that it has authority to reconsider Judge Telesca's Decision and Order. The Court also concludes that the Government's motion for reconsideration is timely.

**BACKGROUND**

On October 19, 2016, Judge Telesca granted Petitioner's § 2255 petition and transferred this case to the undersigned for resentencing. However, given that the legality of Petitioner's original sentence, as well as any new sentence, would turn on the outcome of the Supreme Court's then-pending decision in *Beckles v. United States*, the Court declined to immediately resentence Petitioner. Instead, the Court issued two orders staying any resentencing proceedings until the Supreme Court decided *Beckles*. *See* Docket Nos. 40 & 44. Thus, to date, Petitioner has not been resentenced.

1

The Supreme Court decided *Beckles* on March 6, 2017. *See Beckles v. United States*, 137 S. Ct. 886 (2017). At a status conference several days later, the Court directed the parties to file briefs addressing whether the Court has authority to vacate Judge Telesca's Decision and Order in light of *Beckles*. The Government, as noted, now moves for reconsideration of Judge Telesca's Decision and Order. Petitioner opposes the Government's motion, arguing that it is untimely.

**DISCUSSION**

Judge Telesca's Decision and Order did not conclusively resolve Petitioner's § 2255 petition. This is because "what was . . . asked" in Petitioner's § 2255 petition "was [his] resentencing." *Andrews v. United States*, 373 U.S. 334, 340 (1963). It is therefore "obvious that there could be no final disposition of the § 2255 proceedings until . . . petitioner[] w[as] resentenced." *Id*. *See also United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). *Cf. United States v. Hammer*, 564 F.3d 628, (3d Cir. 2009) (on appeal from district court order vacating capital sentence and ordering resentencing, holding that "[a]n order that contemplates a future resentencing but does not accomplish it is not an 'order entered on the motion' and is not final and appealable") (quoting 28 U.S.C. § 2255); *United States v. Stitt*, 459 F.3d 483, 485 (4th Cir. 2006) (on similar facts, noting that "cases interpreting *Andrews* squarely hold that a district court's judgment vacating a sentence does not become final . . . until the court has resentenced the defendant"). Thus, as both parties agree, Judge Telesca's Decision and Order was interlocutory.

Because Judge Telesca's Decision and Order was interlocutory, the Court has authority to reconsider it. "[S]o long as [a] district court has jurisdiction over [a] case"—a

2

point neither party disputes here—"it possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (quotation marks omitted). *See also Martin*, 226 F.3d at 1049 (noting that a court has "inherent jurisdiction to modify, alter, or revoke" an interlocutory order granting a § 2255 petition). The Court therefore concludes that it has authority to reconsider Judge Telesca's Decision and Order.

Petitioner responds that, even though Judge Telesca's Decision and Order is interlocutory, the Court should deny the Government's motion for reconsideration because the motion is untimely. In support of his argument, Petitioner points to Local Rule of Civil Procedure 7(d)(3), which states that "[a] motion for reconsideration or reargument, unless governed by Fed. R. Civ. P. 60, shall be treated as falling within the scope of Fed. R. Civ. P. 59(e)." A Rule 59 motion must "be filed and served no later than twenty-eight . . . days after the entry of the challenged judgment, order, or decree." L.R. Civ. P. 7(d)(3). Thus, Petitioner argues, the Government's motion—which was filed several months after Judge Telesca filed his Decision and Order—is untimely.

Local Civil Rule 7(d)(3), however, governs motions for reconsideration brought pursuant to Federal Rules of Civil Procedure 59(e) and 60. Those Rules apply only to motions to alter, amend, or vacate either a "judgment" (Fed. R. Civ. P. 59(e)) or a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Judge Telesca's Decision and Order is none of these. Rather, it is an interlocutory order. Thus, Rule 59(e) and Rule 60(b)'s rigid timing requirements—and, as a result, Local Civil Rule 7(d)(3)—do not govern the timeliness of the Government's motion.

3

The standard for judging the timeliness of the Government's motion for reconsideration is, instead, much more flexible: "[W]hether a motion for reconsideration [of an interlocutory order] has been timely filed or not rests solely on whether or not the motion was filed unreasonably late." 11 Wright & Miller, *Federal Practice & Proc.* § 2812 n. 22 (3d ed. 2012). *See also In re United States (In re "Agent Orange" Prod. Liability Litig.)*, 733 F.2d 10, 13 (2d Cir. 1984) ("It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge *at any time prior to final judgment*.") (emphasis added).[1]

Judged by that standard, the Government's motion for reconsideration is unquestionably timely. The Supreme Court decided *Beckles* on March 6, 2017. The Court then scheduled a status conference for March 10, at which time the Government expressed its belief that Judge Telesca's Decision and Order should be vacated. And the following Monday, March 13—just one week after *Beckles* was decided—the Government filed a protective motion for reconsideration. The Government therefore promptly and diligently moved for reconsideration after the basis for its motion (*Beckles*) became available. The Court therefore concludes that the Government's motion for reconsideration is timely.

---

[1] The Second Circuit has suggested that Federal Rules of Civil Procedure 59(e) and 60 govern the time within which a habeas petitioner must file a motion for reconsideration of a motion *denying* a § 2255 petition. *United States v. David Clark*, 984 F.2d 31, 34 (2d Cir. 1993). *Clark*, however, addresses the time limits for filing a motion for reconsideration from a *final* § 2255 order—that is, an appealable order in a § 2255 proceeding. *See id.* at 33 ("If Section 2255 Rule 11 incorporates all aspects of Rule 4(a)'s provisions concerning appeals, it implies that orders *denying* section 2255 motions are subject to the 10-day motions provided by Rules 50(b), 52(b), and 59, and perhaps implies that they are also subject to a Rule 60(b) motion.") (emphasis added); *id.* at 34 (observing that, because a § 2255 petition is a step in the underlying criminal case, several Supreme Court opinions provide "authority for filing a motion for reconsideration *of the denial* of a section 2255 petition") (emphasis added). Because Judge Telesca's Decision and Order was interlocutory, the Court understands its holding in this case to be consistent with the Second Circuit's holding in *David Clark*.

Having concluded that it has authority to entertain the Government's motion for reconsideration, the Court must decide whether to vacate Judge Telesca's Decision and Order. *Beckles* appears to clearly reject one of the key premises underlying Judge Telesca's Decision and Order: that the Sentencing Guidelines (or, at the very least, the residual clause of the Career Offender Guideline) are subject to void-for-vagueness challenges.[2] *See Beckles*, 137 S. Ct. at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.")

Thus, in light of *Beckles* it appears that Judge Telesca's Decision and Order should be vacated and that Petitioner's § 2255 petition should be denied. As directed below, Petitioner shall therefore file a brief addressing whether any grounds remain for granting his § 2255 petition in light of *Beckles*.

## CONCLUSION

For the reasons stated above, the Court concludes that it has authority to reconsider Judge Telesca's Decision and Order. The Court also concludes that the Government's motion for reconsideration is timely. Petitioner shall file a brief by May 8, 2017 addressing whether any grounds remain for granting his § 2255 petition in light of *Beckles*. However, Petitioner need not file such a brief if he chooses to withdraw his petition before May 8.

---

[2] In his Decision and Order, Judge Telesca also relied on the Second Circuit's decision in *United States v. Welch*, 641 F. App'x 37, 42 (2d Cir. 2016). *Welch* observed that attempted second-degree burglary under New York law—one of Petitioner's prior convictions—does not qualify as a "crime of violence" under the Career Offender Guideline because, among other reasons, "attempted second-degree burglary is . . . no longer a predicate offense under the residual clause of § 4B1.2(a)(2) in light of *Johnson v. United States*." *Id.* at 42. The Second Circuit also noted, however, that *before Johnson*, "attempted second-degree burglary would have qualified as a 'crime of violence' under the Guidelines' residual clause." *Id.* at 43. It is unclear whether *Welch*'s holding has any continuing validity after *Beckles*.

In light of this Decision and Order, the previously-scheduled April 21, 2017 status conference is no longer necessary and is, therefore, cancelled.

**SO ORDERED.**


Dated: April 18, 2017                        *s/Richard J. Arcara*
    Buffalo, New York                 HONORABLE RICHARD J. ARCARA
                                        UNITED STATES DISTRICT JUDGE